UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMILY DOWNER,

    Plaintiff,

v.                                         Case No:  2:12-cv-580-Ftm-38DNF

HEALTH MANAGEMENT
ASSOCIATES, INC.,

    Defendant.

_____/

## ORDER

This matter comes before the Court on review of the file.  Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Any doubt "must be resolved in favor of recusal."  See Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001).  When considering recusal, the potential conflict must be considered as it applies to the entire case.  Id. at 1310-11.  A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  However, a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.  United States vs. Malmsberry, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citing United States vs. Greenspan, 26 F.3d 1001 (10th Cir. 1994)).

Section 28 U.S.C. 455(b) spells out certain situations in which partiality is presumed and recusal is required.[1]  After reviewing the explicitly enumerated conflicts of interest in which recusal is mandatory under section 455(b), if the Court does not find that any apply, the judge is obligated to continue to preside over the case. *See* Lawal v Winners International Rests Co. Ops., Inc., 2006 WL 898180 at * 4 (N.D. Ga. April 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true).

In this instance, the Undersigned has a conflict of interest that falls under one of the enumerated conflicts of interest in which recusal is mandatory.  As such, the Undersigned must recuse from this case.

Accordingly, it is now **ORDERED**:

The Undersigned is hereby **RECUSED** from the instant case.  The Clerk of the Court is directed to reassign the case to another District Judge.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of May, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

---

[1]Subsection 455 (b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."; 455 (b)(2): "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."; 455 (b)(3): where the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."; 455(b)(4): where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."; or 455(b)(5)(i): "[w]here he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... [i]s party to the proceeding, or an officer, director, or trustee of a party."; 455(b)(5)(ii): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is acting as a lawyer in the proceeding."

Copies:  All Parties of Record